GEORGE W. P. ANDERSON *v.* C. E. HALL & SONS, INC.
MATILDA M. ANDERSON *v.* C. E. HALL & SONS, INC.
WILLIAM N. HINES *v.* C. E. HALL & SONS, INC.
CELINA LABRIE, ADMINISTRATRIX (ESTATE OF REMEO LABRIE) *v.* C. E. HALL & SONS, INC.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 9—decided July 20, 1944.

*Julius B. Schatz,* with whom were *Arthur D. Weinstein* and, on the brief, *Edward Seltzer,* for the appellant (defendant).

*W. Arthur Countryman, Jr.,* for the appellees (plaintiffs Anderson).

*Ernest W. McCormick,* for the appellees (plaintiffs Hines and LaBrie, Administratrix).

JENNINGS, J. These four cases were tried together and the traffic situation involved was fairly complicated. The basic question is whether the negligence of the defendant was the proximate cause of the injuries. This permits a summary of the finding along broad lines to present this issue.

The finding was made with care and is not subject to correction in any respect material to this appeal. On February 4, 1941, George Anderson was driving three fellow workmen, Hines, Grillo and LaBrie, to Hartford from Groton in his wife's Plymouth car.

The weather was clear, the road dry and the visibility good. It was about 6:15 p.m. and darkness had fallen. The car was traveling north on the Hartford-New London turnpike, passed over the section known as the Ten Curves and came to the top of Dickinson Hill. From the crest of the hill, a straight downgrade extends for half a mile. The traveled portion of the highway consists of concrete, eighteen feet wide, with six-foot hard shoulders.

At this time, the defendant was operating a heavy tractor south on the same road. A trailer, six feet wide, was attached thereto. A fifty-five ton crane, eleven feet ten inches wide overall, was carried on the trailer. As the crane was wider than the trailer, its caterpillar treads projected beyond the platform of the trailer and hung down on each side, clearing the ground by about six inches. Each caterpillar was fifteen feet long, two feet eleven inches wide and three feet high. The tractor was equipped with two headlights and three small lights over the center of the cab, two amber and one green. In addition to the fixed lighting equipment on the trailer, two red lanterns had been hung on the side of the crane above the inside edge of the left caterpillar. All of these lights were lighted. Other than the warning which they might give to approaching operators, there was nothing on the tractor or trailer, in the way of clearance lights, to indicate that a caterpillar extended out from each side of the trailer a distance of substantially three feet beyond the outside warning light. The caterpillar tread projected across the center line and occupied a part of the left-hand side of the traveled portion of the highway. The tractor trailer with its load started to climb the rather steep grade at a speed of from two to four miles per hour.

Anderson drove down the hill on his right-hand side

of the road at thirty-five to forty miles per hour with his headlights lighted. He saw the tractor's headlights but was unable to see beyond them and did not know that a very large tractor and trailer were nearing him. After the Plymouth had passed the tractor, its left front collided with the front end of the protruding caterpillar. It was thrown counter-clockwise and stopped at right angles to the highway, blocking its eastern half, and headed toward the trailer. The collision demolished the left front of the Plymouth and drove the left side of its frame backwards so that it bent upwards in the form of a bow. The trunk in the rear was smashed when it struck a tree at the side of the road. The tractor was stopped immediately. LaBrie was hurled to the pavement north of the Plymouth where he lay unconscious. Anderson and Hines, both of whom were in the front seat, were thrown forward but remained in the car, stunned and completely disoriented up to the time of a second collision. Grillo crawled out of the back seat and wandered around aimlessly, likewise disoriented.

Immediately after this first collision, three other cars approached. Two, one from the north and one from the south, were stopped and sent for assistance. The third, a Ford sedan, operated by Arthur Kaufman, then approached from the south at a speed of forty-five miles an hour. Kaufman saw the headlights of the tractor but could not see beyond them. Unsuccessful attempts were made to stop him. He slowed down somewhat and moved well over on his own side of the highway. Unaware of the danger, he proceeded on past the front end of the tractor and then, for the first time, saw the Plymouth too close to avoid a collision. The Ford struck the left side of the Plymouth, pushing it over the unconscious form of LaBrie. Kaufman and his two passengers were un-

injured and no glass in the Ford was broken except the right headlight. Between two and four minutes elapsed between the first and second collision. Anderson was seriously and permanently injured and was given judgment for $36,000. His real injuries resulted from the second collision. Hines had judgment for $4587.38. LaBrie was killed and his administrator had judgment for $12,840.50. Mrs. Anderson was awarded $250 for damage to her car, which was demolished.

On these facts the trial court concluded that the defendant was negligent, that its negligence was the proximate cause of both collisions and that neither Anderson nor Kaufman was negligent. It further concluded that Kaufman's operation of his automobile was not a cause that superseded the defendant's primary negligence.

The defendant has made one of the wholesale attacks on the finding which have frequently been the subject of criticism in this court. They tend to cloud the real issue and in themselves cast doubt on the merit of the party's claims. *Norwalk Tire & Rubber Co.* v. *Manufacturers' Casualty Ins. Co.*, 109 Conn. 609, 610, 145 Atl. 44. Both in its brief and in oral argument, the defendant appears to lose sight of the settled principle that the trial court is the judge of the credibility of the witnesses and entitled to draw proper inferences. Conn. App. Proc., § 92. For example, one of the few findings of fact attacked which is of importance to a decision of the case was the position of defendant's vehicle and its load on the highway. There was testimony that the caterpillar treads extended over the left of the center of the highway and testimony that both vehicle and load were entirely to the right of the center. The court accepted the former version. This was its right.

The issues of negligence of the defendant, due care of the driver and owner of the Anderson car and negligence of Kaufman were questions of fact to be decided by the trial court on conflicting evidence. The plaintiffs were obviously persons within the class of those to whom the defendant owed the duty of due care. *McDowell* v. *Federal Tea Co., Inc.*, 128 Conn. 437, 440, 23 Atl. (2d) 512. The defendant is not entitled to relief on any of these grounds.

Anderson sought to amend his complaint during the trial. The amendment related only to the question of damage but was rather far-reaching. Recognizing this fact, the trial court allowed the amendment and gave the defendant a choice of a mistrial or a continuance to give it an opportunity to attempt to meet the new allegations. The defendant chose to keep on with the trial. We cannot say that the trial court abused its discretion in making this ruling. *Clayton* v. *Clayton*, 115 Conn. 683, 686, 163 Atl. 458.

The basic claim of the defendant is that, even assuming that it was negligent, its negligence was not the proximate cause of the second collision. Both before and since *Mahoney* v. *Beatman*, 110 Conn. 184, 147 Atl. 762, this question has been considered in many Connecticut decisions. They were exhaustively reviewed in *Kinderavich* v. *Palmer*, 127 Conn. 85, 15 Atl. (2d) 83, and some subsequent ones noted in *Collins* v. *City National Bank & Trust Co.*, 131 Conn. 167, 38 Atl. (2d) 582, decided at this term. It would be piling Pelion on Ossa again to review either them or their reasoning at any length. As stated in the latter case, the lack of decisions sustaining the claim of a break in the chain of causation by an intervening cause is significant. Once the negligence of the defendant as to the plaintiff is established, the question of proximate cause rarely presents serious difficulties

if the sequence of events is followed from the ultimate result back to that negligent act. It is no answer to say that more damage ensued than was to be expected. 1 Beven, Negligence (4th Ed.), p. 91.

The finding describes an important highway linking Hartford with the southeasterly portion of the state. The number of cars passing at about the time and place of the occurrence shows fairly heavy traffic. Because of the defendant's negligence, the Anderson car was thrown across the road, LaBrie was thrown out and Anderson and Hines sat in the car, dazed, for from two to four minutes before their car was struck by Kaufman. The defendant admits that, assuming its negligence, an immediate collision of Kaufman's car with the plaintiffs and their car might have rendered it liable. It was well within the province of the trial court to find as a fact that the defendant's original negligence was a substantial factor in causing the injuries suffered in the Kaufman collision, although the Anderson car remained where it was thrown by the first impact for this brief space of time, its driver dazed. "Even though negligent conduct has resulted in producing a static condition, and that negligence is not simultaneous with the negligence of the defendant, it may still be a proximate cause of the accident." *Kinderavich* v. *Palmer,* supra, 96. Finally the question generally, and here, is one of fact. *Mahoney* v. *Beatman,* supra, 196.

This conclusion also disposes of the errors assigned in the rulings on evidence. Those claiming that the amounts awarded are excessive have a double aspect. In so far as the amounts are claimed to be excessive in view of the injuries suffered, the assignments are without merit. *Squires* v. *Reynolds,* 125 Conn. 366, 369, 5 Atl. (2d) 877. The claim that damages for the second collision should not have been included is dis-

posed of by the finding that the negligence of the defendant was a substantial factor in causing it.　Id., 371.

There is no error.

In this opinion the other judges concurred.