DANA STIKE EVANS

*v.*

HENRY FARMER, *et al.*
VIRGINIA MAE MILLER

(No. 12214)

and

DANA STIKE EVANS

*v.*

HENRY FARMER, *et al.*

(No. 12215)

Submitted September 17, 1963. Decided December 10, 1963.

144

*William Sanders, Edwin B. Brown,* for appellant Virginia Mae Miller.

*Burton & Burkett, Walter W. Burton,* for Dana Stike Evans.

*Joseph M. Sanders,* for appellee Henry Farmer.

CAPLAN, JUDGE:

In this civil action instituted in the Circuit Court of Mercer County in August, 1961, the plaintiff, Dana Stike Evans, seeks a recovery of damages from the defendants, Henry Farmer and Virginia Mae Miller, for injuries incurred by her in certain automobile collisions allegedly caused by the joint negligence of the defendants. At the

time of her collision Virginia Mae Miller was the driver of a certain automobile owned jointly by Basil Miller and Marie T. Miller, the latter parties also having been made parties defendant in this action. However, the plaintiff took a nonsuit as to Basil and Marie T. Miller and they were dismissed from the case.

The collisions out of which this action arose occurred on December 24, 1960, at approximately 9:30 P.M., on State Route 10 in the Town of Lashmeet, Mercer County, West Virginia. The evidence reveals that it had been raining and snowing that night; that, although there was no general snow on the road, there were spots covered by ice; and that the road was wet and the visibility poor. These accidents happened at about mid-point of a portion of this road which is approximately nine-tenths of a mile in length and which is relatively straight and level. The hard surface of the road is twenty-two feet in width and is constructed of asphalt. There is a usable berm on the north side of the road, adjacent to the westbound lane of traffic, of about eight feet and a similar berm on the south side, adjacent to the eastbound lane, of seven feet in width.

At the aforesaid time and place, and under the conditions described above, the plaintiff, together with her two minor children, was a passenger in an automobile owned and driven by her husband, Eugene Ray Evans. They were traveling in a westerly direction on State Route 10. The plaintiff testified that her husband was driving between thirty-five and forty miles per hour; that when they were in this straight portion of the road she saw the defendant Farmer's vehicle proceeding toward them from the opposite direction; that Farmer crossed over into their lane of traffic; that when it became evident that the car of defendant Farmer was going to strike their automobile, her husband slowed almost to a stop and pulled to the right of the highway so that the two right wheels were about two feet onto the north berm; and that while so situated the left front of Farmer's vehicle collided head-on with the left front of the Evans car.

As the result of this collision the vehicle in which the plaintiff was a passenger remained headed in a westerly direction with its two right wheels approximately two feet on the north berm and parallel to the road. This is in about the same position as it was when the collision occurred. The Farmer automobile had swerved across the road so that it was almost perpendicular thereto. Its front end was two to four feet from and was facing the side of the Evans car. The left front light of the Evans car and the left front light of the Farmer vehicle were out, having been demolished in the collision. However, the right front light of the Evans automobile continued to shine and was pointed in a westerly direction. The right front light of Farmer's car remained on and shone against the light colored car of Evans. By reason of the position of Farmer's car, when it came to rest after the collision, both the easterly and westerly lanes of traffic were completely blocked.

Mr. Evans, after determining, at least to his own satisfaction, that the members of his family were not injured seriously, got out of his vehicle and went directly to Farmer's car. There he observed Farmer and testified at the trial that "he [Farmer] had either had an epileptic stroke or he was so drunk he didn't know where he was." He further testified that Farmer did not speak to him, although he was conscious and appeared to have suffered no injuries.

Because of Farmer's apparent condition of drunkenness, Evans believed that he was not competent to be of any aid to the dangerous situation which had been created. The evidence reveals that Farmer continued to sit in his automobile and made no effort to alleviate the danger which existed by reason of his admitted negligence. Approximately two hours later, however, when the police arrived on the scene, Farmer walked over to the police car where he was interrogated.

Several people had gathered at the scene of the accident. Recognizing the danger created by the totally blocked highway, Mr. Evans enlisted the aid of two of the per-

sons so gathered to act as flagmen to warn approaching traffic of the existing perilous condition. Sam Sexton, Sr., a man small in stature and eighty-two years of age, volunteered to warn traffic approaching from a westerly direction. Another of the observers went to the east on the highway to stop traffic coming from that direction. Neither of the flagmen had a light for the purpose of signaling. Thereupon, Mr. Evans went to a nearby house to call the police.

The plaintiff, after examining her children to determine if they received any injuries, went over to the Farmer car to see if he was injured. She testified that he appeared to be intoxicated and she believed that he had incurred no injuries as a result of the collision. She then returned to her automobile where she became engaged in conversation with a Mr. Hall. During this conversation she was standing at the edge of the highway near the left rear fender of her husband's vehicle.

The second accident occurred shortly thereafter. There is a conflict in the evidence as to the length of time that elapsed between the first and second collisions. From the testimony it appears that the second collision occurred somewhere between five and twenty minutes after the Farmer vehicle had struck that of Evans. However, a preponderance of the evidence indicates that the lapse of time between the two collisions was from five to ten minutes. The defendant, Virginia Mae Miller, driving her vehicle in an easterly direction along this highway, at a speed of thirty to forty miles an hour, came upon Mr. Sexton, the flagman heretofore described. Thinking that he was a hitchhiker, the defendant swerved to the left to avoid hitting him and proceeded down the highway in the lefthand lane. Then, seeing Farmer's wrecked car in her right lane, she veered further left and collided with the Evans vehicle.

The plaintiff testified that when she saw the Miller vehicle approaching she noticed her young son behind her automobile. She called to him and pushed him out of the way but was behind her vehicle when it was struck

by the car of defendant Miller. The impact of this second collision knocked the Evans car down onto the road approximately fifty to seventy feet, dragging the plaintiff along and severely injuring her.

The testimony of defendant Miller revealed that she had been driving with her lights on "dim" and that she could not see more than sixty feet ahead; that the flagman wore dark clothing, had no light and could not readily be seen; and that had it not been for the people along the side of the road she may have been able to avoid the collision with the Evans automobile.

At the conclusion of all the evidence the trial court directed the jury to return a verdict in favor of the defendant, Henry Farmer. The court further held that defendant Miller was guilty of negligence as a matter of law. It left for jury determination only the question of the plaintiff's contributory negligence and the amount of damages, if no such contributory negligence were found. Thereupon, the jury returned a verdict for the plaintiff against defendant Miller in the amount of $20,347.51. Judgment was entered on this verdict.

In this appeal defendant Miller seeks a writ of error and supersedeas to the judgment below. Her assignments of error may be consolidated as follows: The court erred in (1) directing a verdict in favor of defendant Farmer; (2) instructing the jury that she, defendant Miller, was guilty of negligence as a matter of law; (3) refusing to give her Instructions Nos. 6 and 6A, presenting the theory of sudden emergency; (4) not allowing evidence of plaintiff that she was injured in the first accident; (5) giving plaintiff's Instruction No. 4, on a theory based upon the doctrine of rescue; and (6) failing to find that the plaintiff was guilty of contributory negligence as a matter of law.

The plaintiff seeks a reversal of the judgment below and a new trial as to defendant Farmer only. She assigns as error the trial court's action in (1) directing a verdict in favor of defendant Farmer and (2), refusing to allow her to testify that she was injured in the first collision.

On February 18, 1963, this Court granted the defendant Miller and the plaintiff Evans their respective writs of error. By agreement of the parties and by reason of the factual situation these appeals were consolidated and argued together.

Of primary concern in resolving the questions presented in this case is the validity of the error assigned by both defendant Miller and the plaintiff, namely, that the trial court erred in directing a verdict in favor of defendant Farmer. The effect of this action was to tell the jury that even though Farmer was guilty of negligence in causing the first collision, his negligence had ceased to operate as an effective proximate cause of the second collision and of the plaintiff's injuries resulting therefrom. We are therefore called upon to decide whether defendant Farmer was properly discharged of all liability or whether, under the facts and in the circumstances of this case, the question of his negligence should have been submitted to the jury for a determination of the proximate cause of the collision in which the plaintiff sustained the injuries of which she complains.

Proximate cause is difficult to define. Perhaps the most widely accepted definition is that cause, which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred. The general rules relating thereto, as stated in decided cases, often do not apply to the facts and circumstances of the particular case under consideration. 13 M. J., Negligence, Section 20; 38 Am. Jur., Negligence, Section 50. There is no yardstick by which every case may be measured and fitted into its proper place. The overall factual situation must be taken into consideration and the solution of problems presented thereby must be based on logic, common sense, justice and precedent. Each case, therefore, in relation to the determination of proximate cause, necessarily must be decided upon its own peculiar facts.

Defendant Farmer readily admits that the collision between his vehicle and that of Evans was caused by his

own negligence. This admission was made in the presentation of his theory of the case. He contends, however, that such negligence was not the proximate or a proximate cause of the injuries sustained by the plaintiff in the second accident; that the proximate cause of the plaintiff's injuries was the negligent conduct of defendant Miller; and that the trial court, therefore, properly discharged him from all liability. In support of his contention Farmer cites and relies principally upon the case of *Hartley* v. *Crede, et al.,* 140 W. Va. 133, 82 S. E. 2d 672.

In the *Hartley* case, on December 25, 1950, between six and seven o'clock in the evening, the defendant Crede, while driving west on U. S. Route 119, became involved in a series of end to end collisions with three other automobiles. As a result, the vehicles became hooked or fastened together and remained in that position for approximately thirty minutes. In the meantime the defendant's father, also a defendant in that case, arrived on the scene from the opposite direction and parked his truck on the berm across the road. The evidence was conflicting as to whether the front lights on the truck so parked were on bright or whether only parking lights were left burning.

After the vehicles were unfastened all but that of defendant were driven from the scene of the accident. Crede's automobile, although it could be operated, remained in the righthand lane of traffic, thereby blocking that portion of the road. His father's truck remained on the berm on the opposite side of the road. During this time and at the time the plaintiff was injured the left or eastbound lane of traffic was unobstructed. While the defendants' vehicles were so situated, Frances Smith, driving a truck in a westerly direction on U. S. Route 119, approached the scene and, not sooner having observed defendant Crede's automobile immediately in front of her, turned her truck abruptly to her right to avoid a collision. She drove off the paved portion of the highway onto the berm on the north side of the road and struck and severely injured the plaintiff, who at the time was standing on the berm near the right rear fender of the automobile

driven by defendant Crede. It had been variously estimated by witnesses that the Crede car had remained on the hard surface portion of the road from ten to twenty five minutes after it was released from the other vehicles.

In an action by the plaintiff, Hartley, against the defendants Crede and Crede, Jr., this Court held that the negligence of the defendants, if any, was not the proximate cause of the plaintiff's injuries. The Court reasoned: "Her [Frances Smith] negligent conduct, which could not reasonably have been anticipated or foreseen by either defendant, was an intervening cause which broke any causal connection between the negligence of the defendants and the injuries sustained by the plaintiff and was the proximate cause of his injuries."

In this appeal, defendant Farmer contends that defendant Miller is in the same position as was Frances Smith in *Hartley* v. *Crede, supra,* and urges that that case is controlling and decisive of the question now under consideration. With that contention we do not agree. We are in agreement with the *Hartley* case but believe that it is readily distinguishable on the facts from the case now under consideration.

Of principal import in the *Hartley* case was the fact that one lane of traffic was unobstructed and entirely open to the free flow of traffic. It may be that defendant Crede created an unsafe condition, but he could expect one using reasonable care to avail himself of the clear lane of traffic rather than to abruptly turn right onto the berm. In the instant case, however, the negligence of defendant Farmer caused the entire hard surface of the highway to be blocked. He thereby created an extra hazardous condition which may have existed until the second collision occurred. In this circumstance there was no avenue of escape. It was reasonable to foresee danger from oncoming traffic and the result which did in fact ensue.

It must be kept in mind that the principal concern in this appeal is not the determination of whether the negligence of Farmer was the proximate cause or a proximate

cause of the injuries suffered by the plaintiff but, rather, whether under the facts of this case the question of his negligence should have been submitted to the jury for a finding of the proximate cause of said injuries.

"In a situation where one defendant was charged with negligence causing a collision or other accident, leaving one or more vehicles standing on the highway, and a subsequently approaching vehicle collided with one or both of those involved in the original collision, it has frequently been held, under a variety of evidence as to the physical circumstances and time intervals involved, that the original negligence could be found to continue as a proximate cause of the injury or damage caused by the second." 7 Am. Jur. 2d, Automobiles and Highway Traffic, Section 374. *Anderson* v. *Hall,* 131 Conn. 232, 38 A. 2d 787; *Kistler* v. *Wagoner,* 315 Mich. 162, 23 N. W. 2d 387; *Vadurro* v. *Yellow Cab Co.,* 6 N. J. 102, 77 A. 2d 459. This quoted statement and the cases cited cogently support the proposition that the facts are of the utmost import in determining whether one's negligence was the proximate cause or, together with the negligence of another, was a proximate cause of the claimed injuries.

In *Reilley* v. *Byard,* 146 W. Va. 292, 119 S. E. 2d 650, wherein the plaintiff sought recovery of damages alleged to have been caused by the negligence of two defendants, the Court said "* * * if the negligent act or acts of one concurred and combined with the negligent act or acts of the other to produce the proximate cause of the accident, then each may be jointly and severally liable." Quoted therein is the Law of Automobiles in Virginia and West Virginia, Volume 1, Section 18, which says: "Where, although concert is lacking, the separate and independent acts or negligence of several combine to produce directly a single injury, each is responsible for the entire result, even though his act or neglect alone might not have caused it."

The case of *Wilson* v. *Edwards,* 138 W. Va. 613, 77 S. E. 2d 164, involved an action by the plaintiff against several defendants for the wrongful death of her husband. De-

fendant Corbin parked his truck on the berm of a highway at seven-fifteen in the evening. At about eleven-thirty that night defendant Simmons, while driving Wilson, the deceased, and others home, drove in a reckless manner and collided with the parked truck, thereby causing the death of Wilson. This Court affirmed the judgment of the trial court in favor of the plaintiff, holding, in Point 3 of the Syllabus: "Separate and distinct acts of negligence of two or more persons constitute the proximate cause of an injury when they continue in unbroken sequence until injury occurs and directly and immediately contribute to and are the efficient cause of the injury." It is pertinent to note in the *Wilson* case that the truck had been negligently placed in close proximity to the highway more than four hours before the collision occurred, thereby creating a danger to traffic.

It has long been held in this and other jurisdictions that where two or more persons are guilty of negligence which occurs in point of time and place, and together proximately cause or contribute to the injuries of another, such persons are guilty of concurrent negligence and recovery may be had against any or all of them. *Lester* v. *Rose,* 147 W. Va. 575, 130 S. E. 2d 80; *Reilley* v. *Byard,* 146 W. Va. 292, 119 S. E. 2d 650; *Clay* v. *Walkup,* 144 W. Va. 249, 107 S. E. 2d 498; *Lewis* v. *Mosorjak, et al.,* 143 W. Va. 648, 104 S. E. 2d 294; *Hartley* v. *Crede,* 140 W. Va. 133, 82 S. E. 2d 672; *Roush* v. *Johnson,* 139 W. Va. 607, 80 S. E. 2d 857; *Wilson* v. *Edwards,* 138 W. Va. 613, 77 S. E. 2d 164; *Sigmon* v. *Mundy,* 125 W. Va. 591, 25 S. E. 2d 636; *Anderson* v. *Hall,* 131 Conn. 232, 38 A. 2d 787; *Kistler* v. *Wagoner,* 315 Mich. 162, 23 N. W. 2d 387; *Vadurro* v. *Yellow Cab Co.,* 6 N. J. 102, 77 A. 2d 459; *Sawdey* v. *Producers' Milk Co.,* 107 Cal. App. 467, 290 P. 684.

It was held in *Rovinski* v. *Rowe,* 131 F. 2d 687, that one doing an unlawful act is answerable for all consequences that may ensue in the ordinary course of events, even those immediately and directly brought about by an intervening cause if that cause was set in motion or made probable by the act of the original wrongdoer. This ap-

plies even if the third person is negligent if such negligence contributes proximately to the injury.

It is contended by defendant Farmer that the foregoing well established principle of law does not apply to this case, for the reason that his negligence did not occur in point of time with that of defendant Miller. The point of time referred to in the above rule is a relative term. It does not mean that the acts of negligence must occur simultaneously or at any given time. If the first act of negligence sets off a chain of events or creates a situation ultimately resulting in injury, such negligence may very well constitute the proximate cause or a proximate cause of said injury. "Proximate cause connotes a causal relation and not merely nearness in point of time." 13 M.J., Negligence, Section 23. See also Law of Automobiles in Virginia and West Virginia, Negligence, Volume 1, Section 20. It was said in *Anderson* v. *Hall,* 131 Conn. 232, 38 A. 2d 787, that the question of proximate cause rarely presented serious difficulties if the sequence of events was followed from the ultimate result back to the negligent act. Negligence which has produced a static condition, even though not simultaneous with the negligence of another defendant, may nevertheless be the proximate cause of the injury. Whether the negligent acts occur in point of time is a question for the jury to answer.

In *Johnson* v. *Sunshine Creamery Co.,* 200 Minn. 428, 274 N. W. 404, the defendant's negligence caused an accident with another truck, thereby blocking the highway. More than one hour later the car in which the plaintiff was riding collided with the disabled trucks. The Court held that the fact that an hour had elapsed between the collisions did not preclude a finding that the negligence causing the first collision was also the proximate cause of the second collision and the resultant injuries received by the plaintiff. It further said that the mere lapse of time would not necessarily break the chain of causation and that the question of whether the negligence of the driver of the plaintiff's car was an independent intervening cause was an issue of fact for the jury.

In support of his contention that his negligence was not a proximate cause of the injuries sustained by the plaintiff, defendant Farmer urges that the negligent conduct of defendant Miller constituted an independent intervening act which became the proximate cause of the plaintiff's injuries. Implicit in this contention is the proposition that his negligence, by reason of the lapse of time between the two accidents, had ceased to operate as an efficient cause of the second collision.

By reason of our holding herein that the time element between the two collisions, insofar as the determination of proximate cause in concerned, is a matter for the jury to decide, the foregoing contention is without merit. If the jury were afforded an opportunity to and did conclude from the evidence that Farmer's negligence was the proximate cause, or a proximate cause, of the second accident, it necessarily follows that the negligence of Miller could not be an independent intervening force insulating defendant Farmer from liability.

An intervening cause of an injury is a negligent act or omission which constitutes a new effective cause and which, operating independently of anything else, is the proximate cause of the injury. *Smith v. Penn Line Service, Inc., et al.,* 145 W. Va. 1, 113 S. E. 2d 505; *Hartley v. Crede,* 140 W. Va. 133, 82 S. E. 2d 672; *Wilson v. Edwards,* 138 W. Va. 613, 77 S. E. 2d 164; 13 M.J., Negligence, Section 23; 7 Am. Jur. 2d, Automobiles and Highway Traffic, Section 371. While this is an accurate statement, we believe, in the instant case, that the intervening act of defendant Miller did not become, as a matter of law, the proximate cause of the plaintiff's injuries. It must be noted that the intervening cause, in order to insulate the original tort-feasor against liability, must operate independently of anything else. The facts surrounding a case of this nature must necessarily be considered.

On this question the following pertinent statement is related in 61 C.J.S., Motor Vehicles, Section 522: "Where the evidence is conflicting *or different reasonable inferences may be derived therefrom,* the question whether an

intervening occurrence or an intervening act by another person, rather than the defendant's negligence, was the proximate cause of plaintiff's injury is a question of fact for the jury." (Emphasis supplied). *Garner* v. *Prescott* (Tex.), 234 S. W. 2d 704; *Henjum* v. *Bok,* 261 Minn. 74, 110 N. W. 2d 461; *State Contracting & Stone Co.* v. *Fulkerson* (Ky.), 288 S. W. 2d 43; *Phillips* v. *Cowden,* 370 Pa. 288, 88 A. 2d 404.

It was held in *Lewis* v. *Mosorjak, et al.,* 143 W. Va. 648, 104 S. E. 2d 294, that whether the negligence of two or more persons is concurrent and taken together proximately causes or contributes to the injury of another person is, as to all matters of fact, a question for jury determination. *Lester* v. *Rose,* 147 W. Va. 575, 130 S. E. 2d 80; *Armstead* v. *Holbert, et al.,* 146 W. Va. 582, 122 S. E. 2d 43; *Flanagan* v. *Mott,* 145 W. Va. 220, 114 S. E. 2d 331; *Clay* v. *Walkup,* 144 W. Va. 249, 107 S. E. 2d 498; *Sigmon* v. *Mundy,* 125 W. Va. 591, 25 S. E. 2d 636; *Blankenship* v. *City of Williamson,* 101 W. Va. 199, 132 S. E. 492; *Hill* v. *Peres,* 136 Cal. App. 132, 28 P. 2d 946; *Anderson* v. *Hall,* 131 Conn. 232, 38 A. 2d 787.

The Court, in the *Lewis* case, further said that a jury question is presented even though the evidence is undisputed, if the evidence is such that reasonable men may draw different conclusions therefrom. See also *Reilley* v. *Byard,* 146 W. Va. 292, 119 S. E. 2d 650; *Wilson* v. *Edwards,* 138 W. Va. 613, 77 S. E. 2d 164; *Metro* v. *Smith,* 146 W. Va. 983, 124 S. E. 2d 460; and *State* v. *Sotak,* 100 W. Va. 652, 131 S. E. 706, 46 A.L.R. 1523. Applying this to the instant case, even if, as contended by defendant Farmer, the evidence is largely undisputed, a jury question is still presented, the evidence as a whole being such that reasonable men might draw different conclusions.

It is altogether plausible, under the evidence adduced at the trial of this case, that when defendant Farmer started a chain of events by reason of his own negligence, he could have been found responsible for all mishaps which were the proximate result of his unlawful conduct. It is further plausible that in the circumstances of this

case defendant Farmer could have been guilty of concurrent negligence, thereby becoming jointly liable with defendant Miller for the injuries suffered by the plaintiff.

In view of the foregoing, we are of the firm opinion that the negligence of defendant Farmer should have been submitted to the jury for its consideration in determining the proximate cause of the injuries complained of and that the trial court's action in failing to do so constituted reversible error.

By reason of our holding that Farmer should have been retained as a party defendant and that his negligence should have been considered by the jury in its determination of the proximate cause of the plaintiff's injuries, it necessarily follows that it was reversible error for the trial court to have given Instruction No. 1, offered by the plaintiff. This instruction told the jury that Miller was guilty of negligence as a matter of law in the operation of her automobile "immediately before and at the time she collided with the Evans car", and to find for the plaintiff unless they believed from the evidence that the plaintiff was guilty of contributory negligence. Thereunder the court removed from the jury any latitude to consider the negligence of Farmer and, in effect, instructed the jury to return a verdict for the plaintiff, subject to a finding of contributory negligence on the part of the latter. If the jury could have found that Farmer's negligence caused or contributed to the injuries, the negligent acts of defendant Miller could not have been, as a matter of law, the sole proximate cause of the second collision as this instruction in effect states.

Defendant Virginia Mae Miller complains that the trial court committed error in refusing her offered instruction presenting her theory of sudden emergency. Under this theory she contends that, having been faced with a sudden emergency, she acted according to her best judgment and that even if, in those circumstances, she failed to act in the most judicious manner, she is not chargeable with negligence.

The rule relating to the sudden emergency doctrine, as a defense, is well stated in 38 Am. Jur., Negligence, Section 41, as follows: "The rule, as stated generally, is that one who, in a sudden emergency, acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence, provided he exercised in the emergency the care of a reasonably prudent individual under like circumstances."

This defense, however, is not available to one who, through his own negligent, reckless or wanton acts, contributed to cause the emergency. One whose negligent conduct brings into being an emergency is necessarily at fault as to the injurious consequences thereof. For an amplification of the doctrine of sudden emergency and its availability as a defense to the charge of actionable negligence, see *Henthorn v. Long*, 146 W. Va. 636, 122 S. E. 2d 186, and *Reilley v. Byard*, 146 W. Va. 292, 119 S. E. 2d 651.

The court below, having held defendant Miller guilty of negligence as a matter of law, had no alternative to the refusal of the instruction on sudden emergency, there having been a necessary implication that the emergency was of her own making. In so holding the trial court was consistent. However, under our ruling that the question of defendant Miller's negligence was one for jury consideration, it occurs to us that the defense of sudden emergency should also be presented to the jury under a proper instruction. It must be borne in mind that any instruction thereon must afford the jury the opportunity to determine whether defendant Miller caused or contributed to the existence of the emergency.

A further assignment of error in this appeal is the trial court's refusal to allow the plaintiff to testify that she had received injuries in the first accident. Defendant Farmer takes the position that since the plaintiff, in a pretrial deposition, stated that she was not injured in the first accident, she could not at the trial testify otherwise. This

position is untenable. Rule 26 (d) of the West Virginia Rules of Civil Procedure lists occasions upon which depositions may be used at a trial. Subsection (1) thereunder specifically provides: "Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness." This language necessarily implies that one may testify at a trial even though he had made a deposition on the subject matter involved. If his testimony differs from that in the deposition, such deposition may be introduced for the purpose of impeaching or contradicting him at the trial. The jury is thereby fully apprised of any contradictory statements. We hold, therefore, that the trial court's refusal to allow the plaintiff to testify that she had received injuries in the first collision did constitute reversible error.

Under the evidence adduced at the trial of this case, the court did not err in giving Instruction No. 4, offered by the plaintiff, based upon the doctrine of rescue. Evidence was presented, and not materially disputed, that the plaintiff was in the act of rescuing her young son from a perilous situation when she was injured. It is the duty of the trial court to give an instruction presenting a pertinent theory in a case when there is competent evidence tending to support such theory. *Snedeker* v. *Rulong*, 69 W. Va. 223, 71 S. E. 180; *Barna* v. *Gleason Coal Co.*, 83 W. Va. 216, 98 S. E. 158; 10 M. J., Instructions, Section 21.

Defendant Miller assigns as error the trial court's refusal to find, as a matter of law, that the plaintiff was guilty of contributory negligence. We find no merit in this assignment. This Court has consistently held that the questions of negligence and contributory negligence are for the jury to decide when the evidence is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them. *Metro* v. *Smith*, 146 W. Va. 983, 124 S. E. 2d 460; *Clay* v. *Walkup*, 144 W. Va. 249, 107 S. E. 2d 498; *Lewis* v. *Mosorjak*, *et al.*, 143 W. Va. 648, 104 S. E. 2d 294; *Davis* v. *Sargent*, 138 W. Va. 861, 78 S. E. 2d 217.

The judgment is reversed, the verdict is set aside and a new trial is awarded.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*