IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2024 Term

_____

No. 22-625

_____

FILED

March 15, 2024

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

DENISE ORSO,
Petitioner

v.

THE CITY OF LOGAN, WEST VIRGINIA,
A Municipal Corporation,
Respondent

_____

Appeal from the Circuit Court of Logan County
The Honorable Miki Thompson, Judge
Civil Action No. CC-23-2020-22

AFFIRMED

_____

Submitted: February 7, 2024
Filed: March 15, 2024

James M. Cagle, Esq.                    Duane J. Ruggier, II, Esq.
Charleston, West Virginia               Evan S. Olds, Esq.
Counsel for Petitioner                  Pullin, Fowler, Flanagan,
                                        Brown & Poe, PLLC
                                        Charleston, West Virginia
                                        Counsel for Respondent

CHIEF JUSTICE ARMSTEAD delivered the Opinion of the Court.

JUSTICE HUTCHISON and JUSTICE WOOTON dissent and reserve the right to file
dissenting Opinions.

## SYLLABUS BY THE COURT

1. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

2. "Summary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995).

3. "In order to recover in an action based on negligence the plaintiff must prove that the defendant was guilty of negligence and that such negligence was the proximate cause of the injury of which the plaintiff complains." Syl. Pt. 1, *Matthews v. Cumberland & Allegheny Gas Co.*, 138 W. Va. 639, 77 S.E.2d 180 (1953).

4. "In order to establish a prima facie case of negligence in West Virginia, it must be shown that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff.  No action for negligence will lie without a duty broken." Syl. Pt. 1, *Parsley v. General Motors Acceptance Corp.*, 167 W. Va. 866, 280 S.E.2d 703 (1981).

5. "Negligence is the violation of the duty of taking care under the given circumstances. It is not absolute; but is always relative to some circumstances of time, place, manner, or person." Syl. Pt. 1, *Dicken v. Liverpool Salt & Coal Co.*, 41 W. Va. 511, 23 S.E. 582 (1895).

6. "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?" Syl. Pt. 3, *Sewell v. Gregory*, 179 W. Va. 585, 371 S.E.2d 82 (1988).

ARMSTEAD, Chief Justice:

Petitioner, Denise Orso ("Petitioner"), alleged that she fell after her right foot was snared by a "loop of cable wire" that was wrapped around a post and extended onto a sidewalk in Logan, West Virginia. The cable wire and post were owned by the First Baptist Church of Logan, West Virginia ("Church"). Petitioner claimed that Respondent, the City of Logan ("Respondent"), was liable for her injuries "due to the defective condition of [the] sidewalk which [Respondent] negligently maintained."

Following discovery, the circuit court granted summary judgment in favor of Respondent, finding that Petitioner "failed to support a negligence claim under West Virginia law." On appeal, Petitioner concedes that in her claim against Respondent, she must "(1) establish a duty[;] (2) a negligent breach of that duty[]; and (3) proximate causation of damages [that] resulted therefrom." She asserts that she has established these elements and argues that summary judgment was not appropriate because "genuine issues of material fact about . . . negligence and causation remain."

After review, we find no error with the circuit court's determination that Respondent is entitled to summary judgment because Petitioner has not made the required showing to support her negligence claim. Therefore, we affirm the judgment of the circuit court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 1, 2018, Petitioner was injured when she fell on a sidewalk in Logan, West Virginia. She alleged that her right foot was snared by a "loop of cable wire

1

which was loosely wrapped around a nearby post" and extended onto the sidewalk. Petitioner named Respondent and the Church as defendants.[1] She asserted that Respondent "negligently and carelessly" allowed the wire to lie on the sidewalk and claimed that Respondent was liable for her injuries "due to the defective condition of [the] sidewalk which [Respondent] negligently maintained and allowed to exist." Petitioner alleged that, "as the direct and proximate result" of Respondent's negligence, she suffered damages including lost wages, pain and suffering, and various medical and rehabilitation costs.

During discovery, the Church revealed the following: (1) the wire had been around the pole for "at least ten years;" (2) "at no time was the Church aware that the wire may have been situated in a position where it would constitute a hazard;" (3) the Church "believes the pole and wire [are located] on Church property;" (4) the Church was unaware of any instance in which Respondent had been contacted about the placement or use of the wire or pole; and (5) the Church had never received "any information . . . that a hazard concerning the wire" existed.

Petitioner was deposed during discovery. She testified that she had walked the same route on her lunchbreak on a daily basis, weather permitting, for over a year when the accident occurred. Petitioner explained that she would typically walk two or three laps a day during her lunchbreak and that on each of these laps, she passed the Church's parking lot where the wire and pole were located. On the day of the accident, Petitioner walked by

---

[1] Petitioner settled her claim against the Church.

2

the Church's parking lot once or twice without incident. On her final lap, she encountered a group of three women approaching her on the sidewalk. Petitioner stated that she moved to the right side of the sidewalk as the women passed her on the left. She testified that she said hello to the women as they passed and "then immediately I looked down. That's why I knew what I tripped over. And there wasn't nothing I could do because I was walking pretty fast. And I stepped into [a loop wire]. And my leg was tied back. I couldn't get loose from it. And I fell on my left arm."

Petitioner and counsel for Respondent discussed her prior knowledge of the wire:

> Q. On your first trip that day, did you see the - what did you call it, a cord or a wire? I'm sorry.
>
> A. I called it a loop wire.
>
> Q. Did you see the loop wire?
>
> A. No, I did not.
>
> Q. On any previous trip when you were on that route, would you see the loop wire?
>
> A. No.
>
> Q. Had you ever previously noticed the loop wire?
>
> A. No.

Petitioner stated that the wire was stretched out on the sidewalk. She testified that if she had looked down prior to her fall, she would have seen it. Finally, Petitioner was asked if she had "ever seen the loop wire in use? In other words, stretched across

3

blocking the parking lot?" She replied, "I never looked. To be truthful with you, I never looked – I never noticed it before . . . until I tripped."

Kevin Marcum, Respondent's Street Commissioner, was also deposed. Mr. Marcum testified that under city ordinances, "property owners are in charge of sidewalks."[2]

---

[2] The two relevant ordinances are Logan City Code § 23-7.1 and Logan Charter § 29. They provide as follows:

> It shall be the duty of the owner of any real property abutting on or next adjacent to any sidewalk, footway or gutter, to lay and construct proper sidewalks, and to curb, recurb, pave, repave or repair, and constantly keep the same in good repair, clean condition and free from snow, ice, dirt or refuse.

Logan City Code § 23-7.1.

> It shall be the duty of the owner of any real property abutting on or next adjacent to or on any sidewalk, footway, or gutter, to lay and construct proper sidewalks, and to curb, recurb, pave, repave, or repair, and keep the same in constant good and clean condition in the manner and within the time required by the council. And if any owner of any such real estate shall fail or refuse to lay and construct such sidewalks, and to do such curbing, recurbing, paving, repaving, or repairing, or to keep the same constantly in good condition and clean, in the manner and within the time required by the said council, it shall be the duty of the said county to cause the same to be done at the expense of the city, and to assess the amount of such expense against said property, and upon the owner thereof, and the amount so assessed against said property shall constitute a lien theron and shall be collected by the city treasurer in the same manner and at the same time that city taxes on property assessed within the city are collect. If the owner of the property upon which such lien exists fails to pay the same within six months after said lien is perfected, then such real estate may be sold to satisfy said lien in a suit in

(continued . . .)

4

When asked whether Respondent checks to make sure that property owners are maintaining their sidewalks, Mr. Marcum stated that Respondent employs a code enforcement officer and explained, "if it [a sidewalk] needs repair, . . . they'll contact the property owner." Additionally, Mr. Marcum addressed the wire, stating that: (1) Respondent did not own the wire; (2) the wire was not part of any city-owned property; (3) Respondent had never received any reports or complaints about the wire prior to Petitioner's fall; and (4) Respondent did not have any notice or knowledge that the wire was on the sidewalk prior to Petitioner's fall.

At the close of discovery, Respondent filed a motion for summary judgment. Following a hearing, the circuit court granted the motion by order entered on June 27, 2022. It determined that Petitioner "has failed to support a negligence claim under West Virginia law." The circuit court found that there was no dispute that the Church owned and controlled the wire and that "the undisputed evidence shows that [Respondent] had no knowledge of any hazard posed by the wire." Because Respondent did not own or control the wire or have actual or constructive knowledge of the hazard that caused Petitioner's injury, the circuit court determined that Respondent was entitled to summary judgment.[3]

---

equity brought for that purpose on behalf of the City of Logan
as plaintiff.

Logan Charter § 29.

[3] The circuit court also found that (1) "under the City of Logan ordinances, the City is not responsible for and cannot be liable for sidewalk maintenance;" and (2) "the open (continued . . .)

5

Following entry of the circuit court's order, Petitioner filed the instant appeal.

## II. STANDARD OF REVIEW

Petitioner appeals the circuit court's order granting Respondent's summary judgment motion. We have held that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). Further,

> [s]ummary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995).

## III. ANALYSIS

Petitioner raises multiple assignments of error with the circuit court's order granting Respondent's motion for summary judgment.[4] Because we find that the question

---

and obvious doctrine bars" Petitioner's claim. As explained *infra*, we find that the dispositive issue in this case is whether Petitioner has set forth a sufficient negligence claim to withstand Respondent's motion for summary judgment. Thus, we decline to address these additional grounds relied upon by the circuit court in its summary judgment order.

[4] Petitioner contends that the circuit court erred by (1) concluding that Respondent is entitled to immunity as a matter of law; (2) resolving factual disputes involving whether Respondent owed a duty to Petitioner, whether Respondent had control over the sidewalk, and whether the sidewalk was out of repair; (3) ruling that city ordinances relieved

(continued . . .)

of whether the circuit court erred by concluding that Petitioner "failed to support a negligence claim under West Virginia law" is dispositive, we confine our analysis to this issue.

Petitioner argues that her negligence claim should have been allowed to proceed because she has established that Respondent (1) had a duty to maintain control over its sidewalks; (2) breached that duty by failing to keep the sidewalk free from hazard, i.e., the loop wire; and (3) the breach of this duty resulted in Petitioner's injury. Petitioner also asserts that the circuit court's ruling granting summary judgment to Respondent was not appropriate because "genuine issues of material fact about . . . negligence and causation remain."

Upon review, we agree with the circuit court's ruling and find that it properly awarded summary judgment to Respondent. We begin our analysis with a review of our relevant negligence law and proceed to apply this law to the facts of this case.

A plaintiff pursing a negligence claim must satisfy four elements: duty, breach, causation, and damages. "In order to recover in an action based on negligence the plaintiff must prove that the defendant was guilty of negligence and that such negligence was the proximate cause of the injury of which the plaintiff complains." Syl. Pt. 1, *Matthews v. Cumberland & Allegheny Gas Co.*, 138 W. Va. 639, 77 S.E.2d 180 (1953). *See also Webb v. Brown & Williamson Tobacco Co.*, 121 W. Va. 115, 118, 2 S.E.2d 898,

---

Respondent of responsibility for maintaining its sidewalks; and (4) incorrectly applying the principles of constructive knowledge and the open and obvious doctrine.

899 (1939) ("In every action for damages resulting from injuries to the plaintiff, alleged to have been inflicted by the negligence of the defendant, it is incumbent upon the plaintiff to establish, by a preponderance of the testimony, three propositions: (1) A duty which the defendant owes to him; (2) A negligent breach of that duty; (3) Injuries received thereby, resulting proximately from the breach of that duty.").

Our main focus in this case is determining whether Respondent breached any duty it owed to Petitioner when she fell and was injured after being snared by a wire on the sidewalk.[5] This Court has held that "[i]n order to establish a prima facie case of negligence

---

[5] Petitioner's negligence claim against Respondent, a political subdivision, is based upon West Virginia Code § 29-12A-4 (1986). This statute sets forth the duty Petitioner maintains Respondent owed her. It provides, in relevant part:

> (c) Subject to sections five and six of this article, a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows: . . . . (3) Political subdivisions are liable for injury . . . to persons or property caused by their negligent failure to keep . . . sidewalks . . . within the political subdivisions open, in repair, or free from nuisance[.]

As this Court has previously recognized, "for a plaintiff to prevail in a claim brought against a political subdivision under W. Va. Code § 29-12A-4(c), the plaintiff . . . must prove the elements of negligence." *Wheeling Park Comm'n v. Dattoli*, 237 W. Va. 275, 281, 787 S.E.2d 546, 552 (2016). Petitioner also relies upon West Virginia Code § 17-10-17 (1969), which "gives one the right to sue a city if he is injured by its negligence[.]" *O'Neil v. City of Parkersburg*, 160 W. Va. 694, 700, 237 S.E.2d 504, 508 (1977). West Virginia Code § 17-10-17 provides, in relevant part:

(continued . . .)

8

in West Virginia, it must be shown that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff. No action for negligence will lie without a duty broken." Syl. Pt. 1, *Parsley v. General Motors Acceptance Corp.*, 167 W. Va. 866, 280 S.E.2d 703 (1981). Additionally, we have explained that "[n]egligence is the violation of the duty of taking care under the given circumstances. It is not absolute; but is always relative to some circumstances of time, place, manner, or person." Syl. Pt. 1, *Dicken v. Liverpool Salt & Coal Co.*, 41 W. Va. 511, 23 S.E. 582 (1895).

We find that Petitioner has failed to establish that Respondent breached a duty it owed her. The undisputed evidence demonstrates that Petitioner had walked by the Church parking lot on a regular basis for over a year when the accident occurred. Petitioner had never previously had any issue with the wire. In fact, Petitioner testified that she had never seen or noticed the wire before the day of her injury. We also emphasize that on the day of the injury, Petitioner walked by the Church once or twice without incident. Further, the Church revealed that the wire and pole were on Church property and that the wire had been around the pole for at least ten years. During the ten years that the wire was around

> Any person who sustains an injury to his person or property by reason of any . . . sidewalk in any incorporated city, town or village being out of repair due to the negligence of the county court, incorporated city, town or village may recover all damages sustained by him by reason of such injury in an action against the county court, city, town or village in which such . . . sidewalk may be, except that such city, town or village shall not be subject to such action unless it is required by charter, general law or ordinance to keep the . . . sidewalk therein, at the place where such injury is sustained, in repair.

9

the pole, the Church did not have any issues with the wire causing a hazard, nor had it received any reports that the wire was potentially a hazard. Moreover, the Church was not aware that Respondent had ever been contacted about the wire causing a potential hazard. Additionally, Mr. Marcum confirmed that Respondent did not own the wire, had never received any reports about the wire causing a hazard and did not have any notice or knowledge that the wire was on the sidewalk prior to Petitioner's fall.

This Court has held that

> [t]he ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?

Syl. Pt. 3, *Sewell v. Gregory*, 179 W. Va. 585, 371 S.E.2d 82 (1988).

In the present case, there is no evidence demonstrating that Respondent knew or should have known that the wire was on the sidewalk causing a potential hazard when Petitioner fell. The undisputed evidence shows that in the ten years the wire had been wrapped around the pole on the Church's property, there had never been a report or indication of any kind, made to the Church or Respondent, that the wire was a potential hazard. Similarly, the evidence demonstrates that Petitioner walked by the Church parking lot on a regular basis for over a year and never experienced any issues with the wire. This Court has observed that "[a] person is not liable for damages which result from an event which was not expected and could not have been anticipated by an ordinarily prudent person. . . . Foreseeableness or reasonable anticipation of the consequences of an act is

10

determinative of defendant's negligence." *Matthews*, 138 W. Va. at 654, 77 S.E.2d at 188. Because Petitioner has not established that Respondent knew or should have known that a wire it did not own or control constituted a potential hazard, we agree with the circuit court's conclusion that Respondent is entitled to summary judgment on Petitioner's negligence claim.[6]

## IV. CONCLUSION

We agree with the circuit court's conclusion that Respondent is entitled to summary judgment. Therefore, we affirm the circuit court's June 27, 2022, order.

Affirmed.

---

[6] We recognize our previous holding that "[t]he questions of negligence, contributory negligence, proximate cause, intervening cause and concurrent negligence are questions of fact for the jury *where the evidence is conflicting* or when the facts, though undisputed, are such that reasonable men draw different conclusions from them." Syl. Pt. 2, *Evans v. Farmer*, 148 W. Va. 142, 133 S.E.2d 710 (1963) (emphasis added). Because we find that the evidence in the instant case is undisputed and not such that could lead reasonable people to arrive at different conclusions, we find that summary judgment in Respondent's favor was appropriate.