425 S.E.2d 218

**Laura B. WEESE and Ralph Weese, Plaintiffs Below, Appellants,**

**v.**

**Daryl Eugene MUIR and Upshur County Board of Education, Defendants Below, Appellees.**

**No. 21119.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 9, 1992.

Decided Dec. 17, 1992.

David R. Rexroad, Buckhannon, for appellants.

James M. Wilson, Laurie L. Crytser, Steptoe & Johnson, Clarksburg, for appellees.

PER CURIAM:

This is an appeal by Laura B. Weese and Ralph Weese from a September 13, 1991, final order of the Circuit Court of Upshur County granting summary judgment in favor of the Appellees, Daryl Eugene Muir and the Upshur County Board of Education. The Appellants contend that summary judgment was inappropriate. We agree, reverse the decision of the Circuit Court of Upshur County, and remand this matter for resolution by jury trial.

I.

On January 12, 1990, the Appellants were involved in an auto accident in which their car was struck by a school bus owned by the Upshur County Board of Education and driven by Daryl Eugene Muir. The bus, transporting students home from school early due to an unexpected snow storm, was travelling down a gradual grade when it lost control and slid across the road into the Appellants' vehicle. The Appellants' vehicle was pushed into a ditch on the Appellants' side of the road. Although neither Appellant was injured in that initial collision, Mrs. Weese fell and broke her leg as she was crossing the road after the accident. Mrs. Weese had waited approximately twenty minutes for the police to arrive and had then been assisted out of the vehicle by a police officer. Mrs. Weese apparently succeeded in exiting the vehicle and climbing out of the ditch but then fell as she attempted to cross the icy roadway.

The Appellants filed a civil action in the Circuit Court of Upshur County alleging that Daryl Muir operated the bus in a careless, reckless, negligent manner and caused injury to Mrs. Weese. On August 28, 1991, the Appellees filed a motion for summary judgment contending (1) that Daryl Eugene Muir, as an employee of a political subdivision, was immune from liability pursuant to West Virginia Code § 29–12A–5(b) (1992); (2) that the Upshur County Board of Edu-

cation was immune from liability for losses or claims resulting from snow or icy conditions, pursuant to West Virginia Code § 29–12A–5(a)(6) (1992); and (3) that the Appellants had failed to allege facts sufficient to establish that the actions of Daryl Eugene Muir were the proximate cause of Mrs. Weese's injuries.

After a September 13, 1991, hearing, the lower court granted summary judgment against the Appellants on the ground that there was no causal connection between any negligence and the injury. Specifically, the lower court held as follows:

In order for the Plaintiffs to recover, the negligence of the Defendants must be the proximate cause of the Plaintiffs['] injury and damages. The Defendants [sic] negligence did cause the collision, but there were no injuries as a result of this collision. More than 15 to 20 minutes had passed before Mrs. Weese exited the automobile with the assistance of her husband and the police officer. She fell on the icy road and received the injuries complained of. To establish proximate cause, the Plaintiffs must show a causal connection between the injuries complained of and the negligence of the Defendants. Based upon the pleadings, interrogatories, and depositions in this case, this Court is of the opinion that there is no causal connection between the injuries complained of and the negligence of the Defendants.

The Appellants contend that the lower court erred by granting the motion for summary judgment and further in finding that there was no causal connection between Mrs. Weese's injuries and the negligence of the Appellees. The Appellants further contend that the lower court erred in granting a motion for summary judgment on questions of negligence and proximate cause. Since the lower court did not base its order of summary judgment upon the immunity from liability issues, those issues are not argued on appeal. Therefore, we limit ourselves to the correctness of the summary judgment on the grounds upon which it was granted.

## II.

With regard to the appropriateness of summary judgment, we are guided by our previous discussions of summary judgment and its proper usage. We have explained that negligence cases are not typically well-suited for disposition by summary judgment. In syllabus point 5 of *Hatten v. Mason Realty Co.*, 148 W.Va. 380, 135 S.E.2d 236 (1964), for instance, we stated the following:

> Questions of negligence, due care, proximate cause, and concurrent negligence present issues of fact for jury determination when the evidence pertaining to such issues is conflicting or where the facts, even though undisputed, are such that reasonable men may draw different conclusions from them.

The Appellants contend that the absence of proximate cause creates justification for the summary judgment. We are not convinced, however, that proximate cause cannot be established. While some factual scenarios may be so devoid of evidence of proximate cause to warrant removal of that issue from the jury, we do not view this case as such an example. The Appellants urge us to accept the proposition that but for the negligence of the Appellees, Mrs. Weese would not have had to walk on the icy roadway and would consequently not have broken her leg. The Appellees contend that the icy conditions constituted an intervening cause of the injury and that the causal chain which was initiated by the original accident was interrupted and severed by that intervening cause.

In *Evans v. Farmer*, 148 W.Va. 142, 133 S.E.2d 710 (1963), we encountered a situation in which two successive automobile collisions had occurred. The first occurred between the automobile in which the plaintiff was a passenger and an admittedly negligent first defendant. The second accident occurred when a second defendant's automobile struck the automobile in which the plaintiff had been riding, causing it to strike the plaintiff herself. The lower court directed a verdict in favor of the first defendant, relieving him of liability. We

held that whether the first motorist's negligent conduct was the proximate cause of the plaintiff's injuries was a jury question. *Id.* at 157, 133 S.E.2d at 719.

In examining that issue, we explained the following:

> It must be kept in mind that the principal concern in this appeal is not the determination of whether the negligence of Farmer was the proximate cause or a proximate cause of the injuries suffered by the plaintiff but, rather, whether under the facts of this case the question of his negligence should have been submitted to the jury for a finding of the proximate cause of said injuries.

*Id.* at 151–52, 133 S.E.2d at 716. That concern is equally applicable in the present case, and we must therefore refrain from making a final determination of the proximate cause issue. We, as in *Evans*, are limited to a decision regarding whether these negligence and proximate causation issues should have been submitted to a jury.

*Evans* is also instructive on the issue, as raised by the Appellees, concerning the time interval between the initial collision and the fall which injured the plaintiff. In discussing the issue of proximate cause, we stated the following:

> If the first act of negligence sets off a chain of events or creates a situation ultimately resulting in injury, such negligence may very well constitute the proximate cause or a proximate cause of said injury.... Negligence which has produced a static condition, even though not simultaneous with the negligence of another defendant, may nevertheless be the proximate cause of the injury. Whether the negligent acts occur in point of time is a question for the jury to answer.

*Id.* at 154, 133 S.E.2d at 717. Thus, the fact that fifteen to twenty minutes elapsed between the initial accident and the injury does not necessarily reduce or nullify the causal connection between the Appellees' negligence and Mrs. Weese's injuries because a finder of fact could certainly conclude that, but for the Appellee's negli-

gence, the Appellant would not have found herself in an icy ditch.

While we are not prepared to state unequivocally that proximate cause should be found, we do hold that such a determination is properly within the province of a jury appropriately instructed by the trial court. Enough evidence supporting the Appellants' contentions of proximate cause certainly exists to warrant such determination, and accordingly, the removal of that issue from the province of the jury was error.

Based upon the foregoing, we reverse the determination of the Circuit Court of Upshur County and remand this matter for submission to the jury.

Reversed and remanded.