Evelyn KLUVER, Appellant,

v.

CITY OF HINTON, Oklahoma, Appellee.

No. 86996.

Court of Appeals of Oklahoma,
Division No. 3.

Aug. 9, 1996.

Fletcher D. Handley, El Reno, for Appellant.

Michael Chaffin, Chickasha, for Appellee.

## MEMORANDUM OPINION

CARL B. JONES, Judge:

This summary judgment appeal requires our interpretation of the snow and ice exemption to the Governmental Tort Claims Act, 51 O.S.1991 § 155(8), and whether the applicability of the exemption is affected by the fact the accident occurred on election day. We hold that the exemption applies and find that summary judgment was properly granted.

The facts were undisputed. On February 14, 1995, Appellant went to the city offices in Hinton, Oklahoma, to vote in an election. The city offices were her assigned polling place. Upon arriving she noticed the sidewalk in front of the offices was covered with snow and ice. She went into the building and notified a city worker of the condition of the sidewalk. She cast her ballot and then left to return to her car. Despite being careful she slipped on the ice and was injured.

Appellant alleged the City of Hinton had a duty to remove the snow and ice but negligently did not. Appellee's Motion for Summary Judgment was based on 51 O.S.1991

§ 155(8) [1] which exempts governmental entities from tort liability for claims resulting from naturally occurring snow or ice in a public place.

■ Appellant's response argued that the snow and ice exemption does not apply because the City's failure to remove the snow and ice was an affirmative act which caused the dangerous condition. Appellant cites no authority for this interpretation of the statute. It is true that the exemption is qualified by language making it inapplicable where the governmental entity affirmatively caused the condition. This Court, however, does not agree with Appellant's interpretation. The failure to remove snow and ice (or, indeed, failure to do anything) is not an affirmative act causing the snow and ice.

■ The response also argues that, being an election day, the City had a duty to "provide a safe place to vote". The only authority cited for this conclusion of law is 26 O.S. 1992 Supp. § 3–120 [2] which exempts persons, businesses and churches from tort liability when providing space for polling places. Governmental entities are not included in this statutory exemption from liability. Appellant argues that the Legislature surely then intended for governmental entities to have no exemption from tort liability when a government facility is being used as a polling place.

■ This argument ignores the doctrine of sovereign immunity. There was no reason for 26 O.S. § 3–120 to exempt governmental entities from liability because they were already immune. Title 51 O.S.1991 § 152.1, codifying the sovereignty immunity doctrine provides that the state and all its political subdivisions and employees acting within the scope of their employment, are immune from tort liability, and that this immunity is waived *only to the extent provided in the Governmental Tort Claims Act.* Section 153 explains that the liability created under the Act is exclusive. In other words, governmental entities have no tort liability except as provided under the Act and subject to the limitations and exceptions therein.

Viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to Appellant, there was no substantial controversy as to any material fact and Appellee is exempt from any liability to Appellant as a result of her accident and injury.

AFFIRMED.

GARRETT, J., and ADAMS, V.C.J., concur.

---

1. 51 O.S.1991 § 155(8) provides:
   "The state or a political subdivision shall not be liable if a loss or claim results from:
   \* \* \* \* \* \*
   8. Snow or ice conditions or temporary or natural conditions on any public way or other public place due to weather conditions, unless the condition is affirmatively caused by the negligent act of the state or a political subdivision; ...".

2. " .... Persons, businesses, churches and any other nongovernmental entities providing space for use as a polling place shall not be held liable for any torts arising from any incident occurring in such space during the period when such space is used as a polling place." 26 O.S.1992 Supp. § 3–120.