of the administrative decision. Because the presence of a necessary party is jurisdictional, the failure to make Coventry a party to the appeal deprived the district court of jurisdiction. In light of this determination, we are required to vacate the judgment of the district court and therefore do not address Coventry's third assignment of error.

## V. CONCLUSION

For the foregoing reasons, we vacate the order of the district court and dismiss the appeal.

VACATED AND DISMISSED.

MILLER-LERMAN, J., not participating.

———————

JACQUELYN STICK, APPELLANT, V.
CITY OF OMAHA, APPELLEE.
___ N.W.2d ___

Filed January 2, 2015.    No. S-13-797.

1.  **Summary Judgment.** Summary judgment is proper if the pleadings and admissible evidence offered at the hearing show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.
2.  **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence.
3.  **Political Subdivisions Tort Claims Act.** Whether the allegations made by a plaintiff present a claim that is precluded by exemptions set forth in the Political Subdivisions Tort Claims Act is a question of law.
4.  **Political Subdivisions Tort Claims Act: Appeal and Error.** An appellate court has an obligation to reach its conclusion on whether a claim is precluded by exemptions set forth in the Political Subdivisions Tort Claims Act independent from the conclusion reached by the trial court.
5.  **Political Subdivisions Tort Claims Act: Immunity: Waiver.** The Political Subdivisions Tort Claims Act provides limited waivers of sovereign immunity which are subject to statutory exceptions. If a statutory exception applies, the claim is barred by sovereign immunity.
6.  **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

7. **Statutes.** It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language.

8. **Statutes: Immunity: Waiver.** Statutes that purport to waive the protection of sovereign immunity of the State or its subdivisions are strictly construed in favor of the sovereign and against the waiver. A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction.

9. **Statutes: Legislature: Intent.** Components of a series or collection of statutes pertaining to a certain subject matter are read in pari materia, and therefore they are conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible.

10. **Statutes.** A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.

Appeal from the District Court for Douglas County: W. RUSSELL BOWIE III, Judge. Affirmed.

Mandy L. Strigenz, of Sibbernsen, Strigenz & Sibbernsen, P.C., for appellant.

Alan M. Thelen, Deputy Omaha City Attorney, for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Jacquelyn Stick appeals the order of the district court for Douglas County which granted summary judgment in favor of the City of Omaha (City) and dismissed her complaint brought under the Political Subdivisions Tort Claims Act (PSTCA). The court concluded, inter alia, that Stick's claim for injuries she sustained in a slip-and-fall accident was barred by the "snow or ice" exception in the PSTCA. We affirm.

## STATEMENT OF FACTS

On the morning of January 19, 2010, Stick attended a fitness class that began at 5:30 a.m. at the Montclair Community Center (Center), which is owned and operated by the City. When she left the building at approximately 6:30 a.m., Stick

slipped on ice that had formed on the sidewalk outside the Center. Stick fell onto her left knee and broke her patella, which required her to have surgery.

Stick filed this action against the City under the PSTCA, Neb. Rev. Stat. § 13-901 et seq. (Reissue 2007 & Cum. Supp. 2010), pursuant to which political subdivisions have generally waived their sovereign immunity except as specified in the PSTCA. She alleged that the City was responsible for maintenance of the sidewalk and that her fall and the damages resulting therefrom were caused by the negligence of the City's employees. She specifically alleged the City was negligent in (1) allowing ice to accumulate, creating an unsafe and dangerous condition; (2) failing to inspect the sidewalk to determine whether it was safe for pedestrian travel; (3) failing to remove the accumulation of ice; and (4) failing to apply sand, salt, melting chemicals, or other safety coating to the accumulation of ice. In its answer, the City alleged affirmative defenses, including the assertion that Stick's claim was barred under the PSTCA, specifically § 13-910(10), which provides in part that the PSTCA shall not apply to "[a]ny claim arising out of snow or ice conditions or other temporary conditions caused by nature on any highway as defined in section 60-624, bridge, public thoroughfare, or other public place due to weather conditions."

The City moved for summary judgment. At a hearing on the motion, the court received evidence including depositions and affidavits of Stick and of employees of the City, as well as certified weather records. Evidence indicated that there was no overnight precipitation in the early hours of January 19, 2010.

In her deposition, Stick stated that there had been no snow or rain but that there was fog when she drove to the Center. She parked in the Center's parking lot and walked on the sidewalk to the building. The sidewalk was wet with "winter condensation" but not slippery when she arrived and entered the building. When she left the building, there was a slight drizzle and heavier fog than when she had entered. She did not notice icy conditions until she fell. Stick stated that icy conditions had arisen during the time that she was in the Center. She observed

that the concrete where she fell was newer and less worn than the surrounding concrete.

In an affidavit, a maintenance foreman responsible for the City's community centers stated that his crew's normal procedure for snow and ice removal in January 2010 was to arrive at the Center shortly after 7 a.m. The crew would perform snow and ice removal earlier if there had been overnight precipitation. He stated that temperatures hovering around freezing with fog but without precipitation would not have prompted him to call crews in earlier than 7 a.m., because such conditions would not have created a need for snow and ice removal. He stated that this was true whether or not there were early morning activities at the Center.

The district court granted summary judgment in the City's favor. In its order filed August 26, 2013, the court first considered the City's argument that Stick's claim was barred under § 13-910(10), which exempts claims arising out of snow or ice conditions in a public place due to weather. The court stated that it must determine, under § 13-910(10), whether (1) the sidewalk on which Stick slipped was a "public thoroughfare" or a "public place" and (2) the icy condition was caused by nature. The court first concluded that the sidewalk was not a "public thoroughfare," because although this court has held that sidewalks adjoining a street are part of the public thoroughfare, the sidewalk did not adjoin a street but instead led from a parking lot to the building. The court concluded, however, that the sidewalk was a "public place." The court reasoned that the sidewalk in this case is maintained by the City for the use of the public and that it therefore is included in the list of exemptions as an "other public place" under § 13-910(10). The court further determined that there was no genuine issue of material fact the icy condition was caused by nature and that there was no meaningful evidence to the contrary. The court finally noted that although Stick commented that the portion of the sidewalk on which she slipped was newer and slicker, her complaint made no claim based on the materials used or the manner in which the sidewalk was constructed and there were no facts to support such a claim. The court concluded that Stick's claim was barred under

§ 13-910(10) and that the City's motion for summary judgment should be sustained.

Although its conclusion regarding § 13-910(10) resolved the motion, the court analyzed the City's additional contention that Stick's claim would also fail under common-law negligence principles regarding lack of notice. After reviewing precedent and the evidence in this case, the court determined that there was no evidence the City had actual or constructive notice of the icy condition of the sidewalk and that such lack of notice was an additional basis to sustain the City's motion for summary judgment.

The court stated that because it found no genuine issue of material fact with respect to two of the City's defenses, it did not need to address the City's affirmative defense based on § 13-910(12), regarding notice of insufficiency or want of repair of a public thoroughfare. Because the City was entitled to judgment and Stick's evidence did not raise a genuine issue of material fact, the court sustained the City's motion for summary judgment and dismissed Stick's complaint with prejudice.

Stick appeals.

## ASSIGNMENTS OF ERROR

Stick claims that the district court erred when it (1) determined that the sidewalk was a "public place" under § 13-910(10), (2) determined that the "snow or ice" exception under § 13-910(10) barred her claim, (3) failed to consider her testimony regarding the condition of the sidewalk, and (4) determined that the City did not have notice of the icy condition of the sidewalk.

## STANDARDS OF REVIEW

[1,2] Summary judgment is proper if the pleadings and admissible evidence offered at the hearing show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Latzel v. Bartek*, 288 Neb. 1, 846 N.W.2d 153 (2014). In reviewing a summary judgment, an appellate court views the evidence in

the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence. *Id*.

[3,4] Whether the allegations made by a plaintiff present a claim that is precluded by exemptions set forth in the PSTCA is a question of law. See *Hall v. County of Lancaster*, 287 Neb. 969, 846 N.W.2d 107 (2014). An appellate court has an obligation to reach its conclusion on whether a claim is precluded by exemptions set forth in the PSTCA independent from the conclusion reached by the trial court. *Id*.

## ANALYSIS

Stick claims that the district court erred when it determined that her claim was barred under § 13-910(10). We conclude that Stick's claim fell within the meaning of § 13-910(10), that it was barred, and that the district court did not err in so ruling.

[5] The PSTCA provides limited waivers of sovereign immunity which are subject to statutory exceptions. *Hall v. County of Lancaster, supra*. If a statutory exception applies, the claim is barred by sovereign immunity. *Id*.

In its answer to Stick's complaint, the City alleged affirmative defenses, including an assertion that Stick's claim was barred under § 13-910(10). The focus of our analysis is § 13-910(10), which provides in part that the PSTCA shall not apply to "[a]ny claim arising out of snow or ice conditions or other temporary conditions caused by nature on any highway as defined in section 60-624, bridge, public thoroughfare, or other public place due to weather conditions."

In reaching its decision that Stick's claim was barred by § 13-910(10), the court concluded that the sidewalk where Stick fell was a "public place" within the meaning of § 13-910(10) and that the icy condition was caused by nature and was due to weather conditions. We note for completeness that the exemption provided in § 13-910(10) refers to "temporary conditions" and that there is no dispute in this case that the icy condition of the sidewalk was a temporary condition.

Stick claims on appeal that the district court erred when it concluded that the "snow or ice" exception applied in this

case and barred her suit. Stick's primary argument is that the court erred when it found that the sidewalk where she fell was a "public place" within the meaning of § 13-910(10). She also contends that the court erred when it failed to consider her comment regarding the condition of the sidewalk, because such observation could serve to show that the icy condition of the sidewalk was not due only to weather conditions but perhaps to other factors under the control of the City.

With regard to the determination that the sidewalk where Stick fell was a public place, Stick argues that "public place" as used in § 13-910(10) should be read to mean a street or other area traveled by motor vehicles and that therefore the exception does not apply to her claim that arose from conditions on the sidewalk. She urges us to apply the canon of ejusdem generis in our construction of § 13-910(10). Ejusdem generis is a canon which provides that a general word or phrase that follows a list of specific items is to be interpreted as including only items of the same type as those previously listed. See *Kuhn v. Wells Fargo Bank of Neb.*, 278 Neb. 428, 771 N.W.2d 103 (2009). Stick contends that because the list in § 13-910(10) includes specific references to highways, bridges, and public thoroughfares, the phrase "other public place[s]" should be construed to refer only to places upon which motor vehicles travel and not to places such as sidewalks where pedestrians travel.

In its order, the district court noted that there were no Nebraska cases construing the phrase "public place" as used in § 13-910(10). The court, however, referred to two cases from other jurisdictions for guidance: *Kluver v. City of Hinton*, 924 P.2d 306 (Okla. App. 1996), and *Porter v. Grant County Bd. of Educ.*, 219 W. Va. 282, 633 S.E.2d 38 (2006).

In *Kluver*, the Court of Appeals of Oklahoma examined a statute similar to § 13-910(10) and concluded that a city was exempt from a claim that arose when the plaintiff slipped on ice on the sidewalk outside the city offices. We note, however, that the statute at issue in *Kluver* referred only to "'any public way or other public place,'" 924 P.2d at 307, without specifically listing locations such as highways or bridges, and that the

opinion did not explicitly analyze whether the sidewalk was a "public place."

In *Porter*, the Supreme Court of Appeals of West Virginia examined a statute similar to § 13-910(10) and concluded that a county board of education was exempt from a claim that arose when one of the plaintiffs slipped on snow and ice on a sidewalk on school grounds. We note that, similar to *Kluver*, the statute at issue in *Porter* referred to "'any public way or other public place,'" 219 W. Va. at 285, 633 S.E.2d at 41, without specifically listing locations such as highways or bridges, and that the opinion did not explicitly analyze whether the sidewalk was a "public place."

In its analysis, the district court noted that Black's Law Dictionary defines "public place" as "[a]ny location that the local, state, or national government maintains for the use of the public, such as a highway, park, or public building." Black's Law Dictionary 1426 (10th ed. 2014). The court concluded that the sidewalk in this case, which led from the Center to the parking lot, was a "public place" within the meaning of § 13-910(10), because it was maintained by the City for the use of the public.

[6,7] We conclude that the district court did not err when it construed § 13-910(10) and ruled that the sidewalk where Stick fell was a "public place" within the meaning of § 13-910(10). We start with the rule of construction that statutory language is to be given its plain and ordinary meaning, and this court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *State v. Taylor*, 286 Neb. 966, 840 N.W.2d 526 (2013). It is not within the province of this court to read a meaning into a statute that is not warranted by the legislative language. *Id.* The phrase "public place" has a plain and ordinary meaning as set forth in Black's Law Dictionary, quoted above, and such meaning includes a publicly owned building and its grounds when the governmental entity maintains such location for the use of the public.

[8] It is well settled that statutes that purport to waive the protection of sovereign immunity of the State or its

subdivisions are strictly construed in favor of the sovereign and against the waiver. *Zawaideh v. Nebraska Dept. of Health & Human Servs.*, 285 Neb. 48, 825 N.W.2d 204 (2013). A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction. *Id.* We have specifically stated that we strictly construe the PSTCA in favor of the political subdivision and against the waiver of sovereign immunity. *McKenna v. Julian*, 277 Neb. 522, 763 N.W.2d 384 (2009). As a corollary to these propositions, in order to strictly construe against a waiver of sovereign immunity, we broadly read exemptions from a waiver of sovereign immunity. See *Hammond v. Nemaha Cty.*, 7 Neb. App. 124, 581 N.W.2d 82 (1998). With these principles in mind and given the plain meaning of "public place," we strictly construe the PSTCA in favor of the political division and against waiver, and we therefore read "public place" in § 13-910(10) as referring to the generally understood meaning of the phrase rather than the more limited reading urged by Stick. Given our reading of the statute, Stick's claim is barred.

[9] Section 13-910(10) is found in a series of statutes, § 13-910(9) through and including § 13-910(12). We read components of a series or collection of statutes pertaining to a certain subject matter in pari materia, and therefore they are conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible. See *Blaser v. County of Madison*, 285 Neb. 290, 826 N.W.2d 554 (2013). In this series of statutes, other exemptions surround subsection (10). Specifically, subsections (9), (11), and (12) contain exemptions concerning roads, highways, bridges, and other places upon which motor vehicles travel. The inclusion of subsection (10) among these other exemption statutes would tend to support Stick's reading of it. However, these related statutes explicitly limit the scope of their exemptions to highways, bridges, and public thoroughfares and do not expand the breadth of their exemptions by adding the phrase "other public place" as does § 13-910(10).

[10] A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless. *Johnson v. City of Fremont*, 287 Neb. 960, 845 N.W.2d 279 (2014). Stick urges us to read "other public place" as referring to a location traversed only by vehicular traffic. To read § 13-910(10) as urged by Stick would render the phrase "other public place" superfluous, particularly where the list in subsection (10) already refers to "public thoroughfare," which would itself appear to refer to locations upon which motor vehicles travel. To read "other public place" to be similarly limited, as urged by Stick, would render the additional phrase at issue superfluous, because such locations would already be encompassed in the phrase "public thoroughfare." We do not accept Stick's suggested reading.

We conclude that the district court did not err when it read "other public place" in § 13-910(10) to include the location where Stick fell, which was the sidewalk leading from the Center to the parking lot. Such location was on the grounds of a public building and was maintained by the City for public use, and it was therefore a "public place" within the meaning of § 13-910(10). The accident upon this sidewalk under the undisputed conditions was exempt from suit based on the plain language of the statute as written by the Legislature.

As an additional basis for her appeal, Stick claims that the court erred when it failed to consider her testimony regarding the condition of the sidewalk. Stick asserts that such testimony suggests that the icy condition of the sidewalk was due to factors under the control of the City. In her deposition, Stick observed that the portion of the sidewalk on which she slipped was newer and slicker than other portions of the sidewalk. She asserts on appeal that her comment created a genuine issue of material fact as to whether the City's actions combined with the weather conditions to cause her injuries.

Contrary to Stick's assertion, the district court acknowledged this portion of her deposition in its order ruling on the motion for summary judgment. In this regard, the court noted that her complaint made no allegation or claim based on the materials used or the manner in which the sidewalk

was constructed and that no meaningful evidence had been produced to show that such factors contributed to the fall in this case.

The pleadings frame the issues to be considered on a motion for summary judgment, see *Andres v. McNeil Co*., 270 Neb. 733, 707 N.W.2d 777 (2005). The complaint filed by Stick in this case includes no allegation regarding the construction of the sidewalk or the materials used in such construction or their connection to the icy condition of the sidewalk. The evidence on the issue was limited to Stick's comment regarding how the sidewalk looked. Even viewing the evidence in the light most favorable to Stick, as we must, see *Latzel v. Bartek*, 288 Neb. 1, 846 N.W.2d 153 (2014), this evidence did nothing to indicate that the construction or materials contributed to the icy condition on the day of the accident. We agree with the district court that Stick did not plead such a claim and did not present evidence that would create a genuine issue of material fact with respect to such a claim.

The district court did not err when it concluded that Stick's claim was barred under § 13-910(10) and that therefore the City was entitled to summary judgment in its favor. Because we conclude that Stick's claim was barred under § 13-910(10), we need not consider Stick's assignment of error regarding the district court's alternate conclusion that the City did not have notice of the icy condition of the sidewalk.

## CONCLUSION

Given the language of § 13-910(10) as written by the Legislature, we agree with the district court that Stick's claim was barred under § 13-910(10). The district court did not err when it sustained the City's motion for summary judgment and dismissed Stick's complaint. We affirm the judgment of the district court.

Affirmed.