# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Joy Ann Clark,**
**Plaintiff Below, Petitioner**

**vs) No. 15-1146** (Fayette County 14-C-303)

**The Board of Education of the County of Fayette,**
**Defendant Below, Respondent**

**FILED**

**November 10, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joy Ann Clark, by counsel John H. Shumate, Jr., appeals the "Order Granting Defendant's Motion for Summary Judgment," entered by the Circuit Court of Fayette County on October 23, 2015. Respondent Board of Education of the County of Fayette ("Board"), by counsel Chip E. Williams and Jared C. Underwood, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case arises from a slip-and-fall incident that occurred on January 3, 2013, in the parking lot of Divide Elementary School, which is under the Board's supervision. Petitioner reported to the school on that day in her capacity as a 4-H leader and parent. In her complaint filed on October 27, 2014, petitioner alleged that after arriving at the school, she exited her vehicle and fell on ice and snow that had accumulated on the parking lot. She alleged that she suffered severe permanent injury to her right knee, physical pain, mental anguish, and embarrassment, all of which she alleged was attributable to the Board's negligence in failing to maintain its public walkways. The record demonstrates that petitioner's claim was based on her allegation that the parking lot had not been plowed or salted.

The circuit court entered a scheduling order that established a discovery deadline of September 15, 2015. The only discovery that was conducted was initiated by the Board, and consisted of the depositions of petitioner and Karen Chittum, petitioner's passenger on the day of the incident. Petitioner did not file any written discovery or request to take any depositions. The Board filed a motion for summary judgment on August 24, 2015, in which it argued that there was no genuine issue of material fact regarding the Board's immunity pursuant to West Virginia Code § 29-12A-5(a)(6), which provides as follows:

(a) A political subdivision is immune from liability if a loss or claim results from:

1

\*\*\*

> (6) Snow or ice conditions or temporary or natural conditions on any public way or other public place due to weather conditions, unless the condition is affirmatively caused by the negligent act of a political subdivision[.]

Petitioner filed a response to the Board's summary judgment motion in which she contended that (1) the motion was not ripe for review, (2) there were issues of fact remaining in the case, and (3) the Board was not entitled to immunity pursuant to West Virginia Code § 29-12A-5(a)(6) because the Board affirmatively failed to maintain its walkway and because petitioner's special relationship with the Board excepted her claims from immunity. Following the filing of the Board's reply, the circuit court held a hearing on the motion on October 9, 2015. By order entered on October 23, 2015, the court granted summary judgment in favor of the Board and dismissed petitioner's suit. The court found that petitioner failed to engage in discovery, the discovery deadline had passed, and thus, the matter was ripe for review. The court determined that there were no issues of fact regarding whether the subject snow and ice condition was caused by the weather, as opposed to any affirmative negligent conduct by the Board. Therefore, the circuit court concluded, the Board was entitled to immunity pursuant West Virginia Code § 29-12A-5(a)(6). Petitioner now appeals to this Court.

"A circuit court's entry of summary judgment is reviewed *de novo*[]" by this Court. Syl. Pt. 1, *Painter v. Peavy,* 192 W. Va. 189, 451 S.E.2d 755 (1994). We have held that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W. Va. 160, 133 S.E.2d 770 (1963). We further held that

> [w]hen a motion for summary judgment is mature for consideration and is properly documented with such clarity as to leave no room for controversy, the nonmoving party must take the initiative and by affirmative evidence demonstrate that a genuine issue of fact exists. Otherwise, Rule 56 [of the West Virginia Rules of Civil Procedure] empowers the trial court to grant the motion.

*Painter,* 192 W. Va. at 192 n.5, 451 S.E.2d at 758 n.5 (citing *Hanks v. Beckley Newspapers Corp.,* 153 W. Va. 834, 172 S.E.2d 816 (1970)). With these principles in mind, we turn to petitioner's arguments.

Petitioner first contends that the Board's motion for summary judgment was not ripe for consideration. She argues that when the circuit court conducted its October 9, 2015, hearing on the Board's motion, the parties had not yet conducted the deposition of a "key fact witness."[1] This Court has held that

---

[1] Petitioner does not identify this witness or explain how his or her testimony would have created a genuine issue of material fact. The Board states that petitioner is referring to

[a]s a general rule, summary judgment is appropriate only after adequate time for discovery. *See Celotex* [*Corp. v. Catrett*]*,* 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 276. A party opposing a motion for summary judgment must have a reasonable "opportunity to discover information that is essential to [its] opposition" to the motion. *See Anderson* [*v. Liberty Lobby, Inc.*]*,* 477 U.S. at 250 n. 5, 106 S.Ct. at 2511 n. 5, 91 L.Ed.2d at 213 n. 5.

*Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.*, 196 W. Va. 692, 701, 474 S.E.2d 872, 881 (1996). In addition, Rule 56(f) of the West Virginia Rules of Civil Procedure provides as follows:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

However, upon our review of the record in the present case, we find that summary judgment was not precipitously granted. Contrary to petitioner's argument, the discovery deadline in the present case had passed by the time the circuit court entertained the summary judgment motion. More importantly, the record plainly shows that, despite having adequate time to do so, petitioner failed to initiate any discovery at all in this matter. To this point, we have held that a circuit court "does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past." *Powderidge,* 196 W. Va. at 702, 474 S.E.2d at 882 (citations omitted). Furthermore, petitioner failed to submit an affidavit attesting to any justification for additional time to conduct discovery. Under these facts, we find that the Board's summary judgment motion was ripe for review.

Petitioner's second and third assignments of error are related. Her second assignment of error is that the circuit court misapplied the above-quoted standards for granting summary judgment because she demonstrated genuine issues of material fact as to the existence of affirmative acts of negligence by the Board, which must be presented to a jury. Petitioner argues that summary judgment should not have been granted because (1) the Board was aware of its duty to remove snow and ice from the parking lot, as evidenced by its contract with a snow-removal service; (2) the Board was aware that the contractor's snowplow truck was inoperable on the day petitioner fell; and (3) the Board intentionally did not provide Divide Elementary with proper equipment or salt to ensure that the parking lot was safe. Petitioner's third assignment of error is that the Board was not entitled to immunity pursuant to statute. We address these arguments together.

Upon our review, we find that the court was correct that there were no genuine issues of material fact in this case and that the Board was entitled to immunity because the snow and ice

petitioner's son, who, according to our review of the record, was not present with petitioner when she fell and did not observe the incident.

was created by weather conditions, as opposed to any affirmative conduct of the Board. We have held as follows:

> "[West Virginia Code] § 29-12A-5(a)(6) (1986) clearly provides political subdivisions with immunity from liability for losses or claims resulting from snow or ice placed on public ways or other public places by the weather. However, political subdivisions are not immune from liability for losses or claims occurring from an affirmative negligent act of the political subdivision resulting in snow or ice on public ways or other public places." Syllabus Point 3, *Porter v. Grant County Board of Education,* 219 W.Va. 282, 633 S.E.2d 38 (2006).

Syl. Pt. 1, *State ex rel. Corp. of Charles Town v. Sanders*, 224 W. Va. 630, 687 S.E.2d 568 (2009).

This Court has addressed West Virginia Code § 29-12A-5(a)(6) on two occasions, and both times found that the snow or ice conditions were not caused by affirmative acts of the political subdivision. In *Porter,* the Court held that the school board was immune because it did not place the snow or ice on the walkway where the plaintiff fell. This Court offered the following two examples of affirmative negligent acts that could render a political subdivision liable: (1) an employee shoveling snow from one spot and placing it on the walkway, and/or (2) an employee allowing a pipe or hose to leak onto a walkway where the water subsequently froze. In the present case, there is no dispute that the snow and ice was not placed on the parking lot by the Board. Therefore, the Board was entitled to immunity pursuant to West Virginia Code § 29-12A-5(a)(6).

Petitioner also contends that the circuit court erred by failing to find that she was entitled to invoke the "special relationship" exception to the Board's immunity. The "special relationship" exception is an exception to the public duty doctrine, which states that a public entity is not liable for failure to enforce a regulatory or penal statute. *See Parkulo v. West Virginia Bd. of Probation and Parole*, 199 W. Va. 161, 483 S.E.2d 507 (1996). Our discussion need go no further because this case is not, and has never been, about the Board's failure to enforce a regulatory or penal statute; rather, petitioner's allegation is that the Board failed to maintain a parking lot free from snow and ice. As such, the Board was entitled to summary judgment.[2]

For the foregoing reasons, we affirm the Circuit Court of Fayette County's "Order Granting Defendant's Motion for Summary Judgment," entered on October 23, 2015.

Affirmed.

**ISSUED:** November 10, 2016

---

[2] We note that petitioner also argues that the Board had a contractual obligation to petitioner; that immunity runs contrary to public policy; and that the Board's conduct was intentional, malicious, wanton, and reckless, and thus, negated its immunity. As the Board correctly states, petitioner failed to present these arguments below. Accordingly, we decline to address them on appeal.

4

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISQUALIFIED:**

Justice Margaret L. Workman